IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3087-D

| | | |
|---|---|---|
| VICTOR BERNARD PERKINS,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| G. ALAN DUBOIS, | ) | |
| | ) | |
| Defendant. | ) | |

On May 9, 2011, Victor Bernard Perkins ("Perkins" or "plaintiff") filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. Perkins names Assistant Federal Public Defender G. Alan DuBois as the sole defendant. Id. Perkins seeks leave to proceed in forma pauperis [D.E. 2]. On June 3, 2011, Perkins filed a

---

[1] Perkins is a familiar litigant in this district, having filed at least thirteen actions since 2000 in addition to the instant complaint. See Perkins v. Cole, No. 5:00-HC-163-BR (E.D.N.C. June 21, 2000) (dismissing § 2241 petition as premature); Perkins v. DuBois, No. 5:00-HC-254-H (E.D.N.C. July 14, 2000) (dismissing § 2241 petition asserting ineffective assistance of counsel for failure to state a claim); Perkins v. USA, No. 5:01-HC-509-BR (E.D.N.C. July 26, 2001) (unpublished) (dismissing § 2241 petition without prejudice for improper venue); Perkins v. DuBois, No. 5:01-HC-806-BR (E.D.N.C. Feb. 6, 2002) (unpublished) (dismissing § 2241 petition asserting ineffective assistance of counsel); Perkins v. Bredenberg, No. 5:02-HC-347-H (E.D.N.C. July 8, 2002) (unpublished) (dismissing petition without prejudice to exhaust remedies); Perkins v. DuBois, No. 5:03-HC-54 (E.D.N.C. Mar. 25, 2003) (unpublished) (dismissing § 2241 petition as successive); Perkins v. Bredenberg, No. 5:03-HC-505-BO (E.D.N.C. Aug. 27, 2004) (dismissing § 2241 petition as moot); Perkins v. Bredenberg, No. 5:04-CT-903-H (E.D.N.C. Jan. 24, 2005) (unpublished) (dismissing action as frivolous); Perkins v. Bredenberg, No. 5:05-CT-719-H (E.D.N.C. Jan. 4, 2006) (unpublished) (dismissing Bivens action as frivolous based on prosecutorial immunity); Perkins v. Beeler, No. 5:06-HC-2041-BO (E.D.N.C. Apr. 12, 2006) (unpublished) (dismissing § 2241 petition as frivolous); Perkins v. Beeler, No. 5:06-CT-3060-BO (E.D.N.C. July 11, 2006) (unpublished) (dismissing Bivens action pursuant to 28 U.S.C. § 1915(g)), aff'd, No. 06-7352 (4th Cir. Dec. 29, 2006) (unpublished); Perkins v. United States of America, No. 5:09-HC-2073-BO (E.D.N.C. Oct. 21, 2009) (unpublished) (transferring § 2241 petition to the District of Minnesota); Perkins v. United States of America, No. 5:10-HC-2170-BO (E.D.N.C. Mar. 11, 2011) (unpublished) (dismissing § 2241 petition for failure to state a claim).

motion to amend his complaint [D.E. 3]. On August 15, 2011, Perkins moved for "summary judgment as a matter of default" [D.E. 5]. On October 31, 2011, Perkins renewed his motion for summary judgment. As explained below, the court grants the motion to amend, denies the motions for summary judgment, and dismisses the action as frivolous.

In reviewing an in forma pauperis application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

As for Perkins's motion to amend, a party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service

2

of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). Because Perkins's complaint is subject to review under section 1915A, no defendant has been served. Accordingly, Perkins's motion to amend [D.E. 3] is granted, and the court reviews Perkins's amended complaint together with the original complaint to determine whether Perkins has stated a claim upon which relief may be granted.

On November 6, 1992, Perkins was civilly committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. Compl. 1; Am. Compl. 2; see United States v. Perkins, No. 5:92-HC-654-BR, [D.E. 4–5] (E.D.N.C. Nov. 6, 1992) (unpublished) (order and judgment). Perkins asserts ineffective assistance of counsel by DuBois. Compl. 3; Am. Compl. 2. Perkins states that DuBois "gave a perfunctory performance when he represented plaintiff in civil commitment hearing on November 6, 1992," and that DuBois has continued to provide him with ineffective assistance in successive legal proceedings. Id. Perkins states that DuBois "failed and/or neglected to contact the plaintiff concerning the civil commitment, the term of the civil commitment and the circumstances that he was el[i]gible for a discharge hearing every 180 days . . . under 4247(h) and . . . failed and/or neglected to petition the Court for the discharge hearings for the plaintiff over 10 years after the plaintiff was civilly committed by [J]udge W. Earl Britt." Am. Compl. 3. Perkins also complains about the thirty-five-day delay between the government's petitioning for his commitment on October 2, 1992, and his initial commitment hearing on November 5, 1992. Id. Perkins seeks "a financial compensation in the sum of 20 million dollars at 1400 dollars per day for the wrongful civil commitment and wrongful imprisonment over 18½ years in addition to double this amount for punitive damages for the psychiatric and psychological depression and emotional distress and physical injury sustained by plaintiff during this sustained imprisonment." Id. 4–5.

Perkins has failed to name any defendant subject to a Bivens action. In Bivens, the Supreme Court recognized a right of action against federal officials for the violation of the Fourth Amendment. See Bivens, 403 U.S. at 397. Defense attorneys do not act under color of federal law under Bivens, whether privately retained or employed as public defenders, and therefore, are not amenable to suit. See, e.g., Polk County v. Dodson, 454 U.S. 312, 325 (1981); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam). Therefore, DuBois is not amenable to suit, and Perkins's claim against him is dismissed for failure to state a claim.

Moreover, several of Perkins's assertions are patently false. To the extent he asserts that he has not had a hearing in over ten years, see Am. Compl. 3, a review of the docket in his civil case reveals that he has had at least twelve hearings since his original commitment hearing. Additionally, courts have repeatedly observed that Perkins has received all of the statutory entitlements that he is due, and have rejected his assertions of ineffective assistance of counsel. See, e.g., Perkins v. DuBois, No. 5:00-HC-254-H, [D.E. 7] (E.D.N.C. July 14, 2000); Perkins v. DuBois, No. 5:01-HC-806-BR, [D.E. 10]; Perkins v. Beeler, No. 5:06-HC-2041-BO, [D.E. 4] (E.D.N.C. Apr. 12, 2006); Perkins v. United States of America, No. 5:10-HC-2170-BO, [D.E. 49] (E.D.N.C. Mar. 11, 2011).

In sum, the court GRANTS plaintiff's motion to amend [D.E. 3], and DISMISSES plaintiff's frivolous action for failure to state a claim. Plaintiff's motion for leave to proceed in forma pauperis [D.E. 2] and motions for summary judgment [D.E. 5-6] are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

4

SO ORDERED. This 5 day of December 2011.

JAMES C. DEVER III
Chief United States District Judge